**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0153-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

EUGENE WALKER,

      Defendant-Appellant.

_____

Submitted October 7, 2019 – Decided November 15, 2019

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-06-1400.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Eugene Walker appeals from a July 20, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

Defendant was charged in a multi-count indictment with second-degree conspiracy to commit robbery, contrary to N.J.S.A. 2C:5-2 (count one); armed robbery, contrary to N.J.S.A. 2C:15-1 (counts two and three); unlawful possession of a firearm, contrary to N.J.S.A. 2C:39-5(b) (count four); and possession of a firearm for an unlawful purpose, contrary to N.J.S.A. 2C:39-4(a) (count five).  The State refused to offer a plea agreement unless defendant also agreed to plead guilty to a homicide charge returned in a separate indictment.[1]  Accordingly, on the eve of trial, defendant decided to enter an open plea.[2]

At the plea hearing, defendant admitted that when he was sixteen years old, he and co-defendant Larry MacRae drove a stolen vehicle to rob a bodega in Newark.  MacRae used a handgun to force an employee and an individual delivering water inside the bodega and directed the employee to open the

---

[1] The homicide charge was subsequently dismissed.

[2] An open plea includes neither "a recommendation from the State, nor a prior indication from the court, regarding sentence."  State v. Ashley, 443 N.J. Super. 10, 22 (App. Div. 2015) (quoting State v. Kates, 426 N.J. Super. 32, 42 n.4 (App. Div. 2012)).

A-0153-18T4

register. Defendant removed cash from the register and stole several boxes of cigars while MacRae held the employee at gunpoint. During the robbery, defendant was wearing a distinctive sweatshirt.

Defendant, wearing the same sweatshirt, was seen exiting the stolen vehicle with a backpack. The police located cigar boxes stolen from the bodega in the back of the vehicle which defendant admitted placing in the car. Defendant also conceded at the plea hearing that he did not have a permit to carry a handgun and he had "no defense to th[e] case."

The court sentenced defendant on counts two, three, and four to concurrent terms of sixteen years of imprisonment with an 85% period of parole ineligibility pursuant to the No Early Release Act. Counts one and five were merged with count two for purposes of sentencing. Defendant appealed only his sentence and an excessive sentencing panel of our court affirmed.

Defendant filed a timely pro se PCR petition supported by a certification. Appointed PCR counsel also filed a letter brief supplementing defendant's petition claiming defendant's trial counsel was ineffective during the pretrial investigatory phase of the proceedings and at the plea hearing. Specifically, as

characterized by the PCR court,[3] defendant maintained he was waived to adult court as a result of the pending homicide charge, and had defense counsel disposed of that offense first, the robbery charges would have remained in juvenile court. Defendant also claimed his counsel failed to provide him with all discovery in the case, failed to file a motion to dismiss the indictment, and forced him to plead guilty instead of proceeding to trial to challenge the witness identifications.

After hearing oral arguments, Judge Ronald D. Wigler rendered a comprehensive written opinion and concluded that defendant failed to satisfy the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 688 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987) (Strickland/Fritz). The court also determined that defendant's claims were procedurally barred under Rule 3:22-4. Finally, relying on State v. Preciose, 129 N.J. 451, 462 (1992), the court concluded that because defendant failed to establish a prima facie case for ineffective assistance of counsel, an evidentiary hearing was not warranted.

---

[3] The parties have not included in the record the supplemental letter brief submitted by defendant's PCR counsel. In its written decision, the PCR court catalogued the issues raised by PCR counsel and no party on appeal has claimed that the PCR court failed to identify or address any issue raised by PCR counsel.

4

Judge Wigler rejected defendant's argument that his robbery case was only "waived up to the adult court due to [the] pending homicide" charge and his trial counsel was ineffective for failing to address the homicide case first. The court explained that defendant misapplied the applicable waiver statute. See N.J.S.A. 2A:4A-6. Specifically, the court reasoned that "[w]hether or not [defendant] was charged with a homicide . . . was not before the [j]uvenile [c]ourt judge and would have had no bearing on [defendant's] waiver motion as to [his] robbery case," as the only relevant issues for the court to decide under N.J.S.A. 2A:4A-6 were whether defendant was sixteen years old and if there was probable cause to conclude defendant committed the robberies.

Finally, Judge Wigler noted that the court, not trial counsel, controls when a case is scheduled for trial. Accordingly, the court determined that there was "simply no evidence that [t]rial [c]ounsel's assistance was outside the range of competence demanded of attorneys in a criminal case," and that defendant also failed to establish "that but for counsel's errors, the results of the proceeding would have been different."

Judge Wigler also dismissed defendant's claim that his trial counsel was constitutionally ineffective because counsel failed to provide him with complete discovery, which purportedly prevented him from "know[ing] the extent of the

allegations against him."  The court found that defendant's claim lacked "specificity" and that defendant failed to "provide any evidence to support this conclusory allegation," and as such, failed to satisfy either prong of the Strickland/Fritz test.

The court similarly rejected defendant's claim that his trial counsel was ineffective because she allegedly told him to plead guilty and "pressured and rushed [him] to accept the plea offer [despite his attempt] to explain . . . that [he] did not commit" the offenses for which he was charged.  Judge Wigler again found that defendant's allegations were "bald and conclusory" as he failed to allege any facts that established his trial counsel pressured or forced him to accept the plea, and his claims were directly belied by his colloquy with the court at the plea hearing.  Indeed, defendant pled guilty immediately prior to jury selection and, at the plea hearing, stated that no one threatened him and he was entering the open plea voluntarily, of his own free will, and because he was guilty.

Finally, Judge Wigler ruled that defendant's counsel was not ineffective for failing to file a motion to dismiss the indictment.  The court rejected defendant's claim that counsel should have "argue[d] for a dismissal . . . because [he] did not commit any of [the] crimes" as meritless, unmoored to the evidence,

and a "mere assertion of innocence." The court reasoned that defendant failed to satisfy either prong of the <u>Strickland</u>/<u>Fritz</u> test because he failed to establish that the motion to dismiss had merit and would have been successful, or that the outcome of the proceedings would have been different had his trial counsel filed the motion.

On appeal, defendant raises the following points:

POINT I

THE PCR COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING ON THE CLAIMS THAT HIS TRIAL ATTORNEY PROVIDED HIM WITH INEFFECTIVE ASSISTANCE.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED.

C. COUNSEL'S PERFORMANCE DURING PLEA NEGOTIATIONS.

D. THE FAILURE TO MOVE TO DISMISS THE INDICTMENT.

7

We disagree with defendant's arguments that his trial counsel provided ineffective assistance and affirm substantially for the reasons detailed in Judge Wigler's July 20, 2018 written decision. R. 2:11-3(e)(2). Because defendant failed to establish a prima facie case of ineffective assistance, an evidentiary hearing was not required. See Preciose, 129 N.J. at 462. Finally, because we and Judge Wigler considered the merits of defendant's ineffective assistance of counsel claim under the Strickland/Fritz test and found defendant's argument without merit, we need not address defendant's claim in Point I(B) that the court committed error in determining that defendant's claims were procedurally barred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION